UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN-MICHAEL TAMBURRO, Petitioner, -v- CAR WASH ADVISORY, LLC, Respondent. | : | 26-CV-2514 (JMF) MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

On March 26, 2026, Petitioner John-Michael Tamburro filed a petition to confirm an arbitration award (the "Award") issued on December 19, 2025, against Respondent Car Wash Advisory, LLC ("CWA"). *See* ECF No. 3. On May 11, 2026, CWA filed its opposition to Tamburro's motion and cross-moved to vacate or remand. *See* ECF No. 11.

Section 9 of the Federal Arbitration Act ("FAA") provides that, upon a timely application to confirm an arbitration award, a court "must grant" confirmation unless the award is "vacated, modified, or corrected" under Sections 10 or 11. 9 U.S.C. § 9. As the Supreme Court has explained, "there is nothing malleable about 'must grant,'" which "unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). Section 12 of the FAA, in turn, requires that notice of a motion to vacate, modify, or correct an arbitration award "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The Second Circuit has held that this deadline admits of "[n]o exception." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984). Thus, "a party may

not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." *Id.* If the three-month period runs without notice of a motion to vacate, "the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding." *Id.* at 177.

That rule resolves this case, as the Award was issued on December 19, 2025, *see* ECF No. 1-2, and CWA did not cross-move to vacate, modify, or remand until May 11, 2026 — nearly two months after Section 12's three-month deadline had run, *see* ECF No. 11. Tellingly, CWA's initial cross-motion papers did not address timeliness or cite *Florasynth*, even though Tamburro did both in his initial motion papers. *Compare* ECF No. 4, at 3-4, *with* ECF No. 12 ("Resp.'s Mem."). Perhaps recognizing the problem, CWA pivoted in its reply memorandum of law to argue that, under the terms of the parties' agreement, New York law, rather than the FAA, applies. *See* ECF No. 16, at 3-5. But it is well established "that arguments first raised in reply briefs are forfeited or waived." *King Spider LLC v. 884886 CH Store*, No. 23-CV-3472 (JMF), 2024 WL 5145837, at *1 (S.D.N.Y. Dec. 17, 2024); *accord Doherty v. Bice*, 101 F.4th 169, 175 n.3 (2d Cir. 2024). Forfeiture is especially appropriate here because CWA itself explicitly invoked the FAA in its initial cross-motion papers. *See* Resp.'s Mem. 7-8.

Thus, CWA's cross-motion to vacate or remand the Award is DENIED as untimely, and Tamburro's motion to confirm the Award is GRANTED. The Clerk of Court is directed to enter judgment consistent with this Memorandum Opinion and Order, to terminate ECF Nos. 3 and 11, and to close this case.

SO ORDERED.

Dated: July 24, 2026
New York, New York

JESSE M. FURMAN
United States District Judge